# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 2005 Session

## STATE OF TENNESSEE v. ROBERT PAGE

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 99-09509      W. Fred Axley, Judge**

_____

**No. W2003-01342-SC-R11-CD - Filed February 8, 2006**

_____

We granted the State's application for permission to review this case pursuant to Tennessee Rule of Appellate Procedure 11 in order to determine the constitutionality of Tennessee Code Annotated section 40-18-110(c), which provides that failure to request a lesser-included offense instruction in writing waives the right to assign it as an issue in a motion for a new trial or on appeal. We conclude that section 40-18-110(c) renders the omission of instruction on lesser-included offenses subject to the general rule that issues concerning instructions are considered waived in the absence of objection or a written request, unless they contain plain error. Under section 40-18-110(c), even absent a written request, the trial judge may still charge the jury on applicable lesser-included offenses and an appellate court may still review a lesser-included offense issue under the doctrine of plain error. We conclude, however, that the failure to instruct on lesser-included offenses in the present case does not constitute plain error. Accordingly, we reverse the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which William M. Barker, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, JJ., FRANK F. DROWOTA, III, SP.J. joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tracey Jones, Assistant District Attorney, for the appellant, State of Tennessee.

1

Paul Guibao and Larry Copeland, Memphis, Tennessee, for the appellee, Robert Page.

**Opinion**

I. Facts and Procedural History

On August 17, 1999, the defendant, Robert Page, was indicted for second degree murder for his participation in the beating and death of Roosevelt Burgess on April 30, 1999.

The proof at trial showed that at approximately 10:00 p.m. on April 30, 1999, Officer Jason McDaniel of the Memphis Police Department responded to a call directing him to the scene of an altercation at Third and Auction Streets. He found a man lying face down in a vacant parking lot. Other investigators found numerous bloody sticks and boards surrounding the victim, Roosevelt Burgess, who had suffered multiple head wounds and was dead on the scene.

Ms. Carrie Jones testified that her daughter awakened her on the evening of April 30, 1999, because four men were outside "beating up" another man. Ms. Jones went outside and talked to one of the men – the defendant– to determine what had caused the fight. She asked the men to stop hitting the victim, but they would not. She stated that all four men were hitting the victim with planks, and that she saw the victim fall to the ground as a result of these blows. After the victim fell, all of the men kicked him except the defendant. All four men fled the scene before police arrived.

Thomas Deering, M.D., a medical examiner for Davidson and Williamson counties, testified as an expert forensic pathologist. He performed an autopsy on the victim and determined that the cause of death was blunt trauma to the head caused by numerous blows resulting in injury to the brain.

Officer Gary Creasy, Memphis Police Department, testified that on May 2, 1999, the defendant confessed to his involvement in the beating that resulted in the death of Burgess. In his confession, which Creasy read into the record, the defendant stated that he, together with Lacy Woods, Andy Carr, and Michael Woods participated in the beating. The defendant described his role in the altercation, stating:

> I came from the store at Fifth and Mill Streets. When I stopped at the stop sign, I seen Lacey [sic] and some other dude arguing about some money or something. I seen dude when he pulled a box cutter and tried to stab Lacey with it. Lacey was backing up, looking for something or anything to hit the dude with. Then, me, Michael and Andy got with Lacey and started chasing the dude with the box cutter. We ran to where the dude fell down. I don't know the name of the street. I picked up a sign and hit him with it in the back of the head. Then the sign slipped out of my hand and Andy Carr picked up the sign and hit him with it. Then, Michael Woods picked up the stick and hit the dude one time in the head. Then Michael threw it down. That's when Lacey picked up the stick and kept

2

on hitting the dude. I don't know how many times Lacey hit him, I think about seven or eight times. Then I walked off.

Lacy Woods pleaded guilty to second degree murder for his involvement in the beating and testified at the defendant's trial. In Woods' prior statement to the police, he claimed that he had hit the victim about four times, using only his fist. He also said that the defendant had hit the victim about five or six times with his hands because the victim owed the defendant some drugs. At trial, he claimed that some of the information he had previously given was incorrect because he had been "messed up" the night he gave the statement. He admitted, however, that he was not drunk the next day when he signed that same statement. Woods testified that contrary to his prior statement, he was the one who hit the victim repeatedly with a two by four. He also testified that the defendant had tried to break up the fight, and that the defendant hit the victim only once with a plastic sign after the victim had taken a swing at the defendant.

The jury was instructed on second degree murder and the lesser-included offenses of voluntary manslaughter and reckless homicide. The defendant did not request an instruction on facilitation of second degree murder, and none was given. The jury returned a verdict convicting the defendant of second degree murder. The defendant filed a motion for a new trial, in which he failed to raise as an issue the omission of the instruction on the lesser-included offense of facilitation of second degree murder. The trial court denied the motion and imposed a sentence of thirty-eight years to the Department of Correction.

The Court of Criminal Appeals reversed, ruling that the trial court should have instructed the jury on facilitation of second degree murder as a lesser-included offense. The court opined that the 2001 amendment to Tennessee Code Annotated section 40-18-110, which provides that failure to request an instruction in writing waives the issue as grounds for a new trial or an appeal, was unconstitutional, abridging a defendant's right to a jury trial. Furthermore, the court held that the trial court's error in failing to instruct the jury on facilitation was prejudicial. The Court of Criminal Appeals then reversed the judgment of the trial court and remanded the case for a new trial.

## II. Standard of Review

Questions regarding the constitutionality of a particular statute are questions of law; therefore, the standard of review is de novo with no presumption of correctness afforded to the conclusions of the court below. State v. McKnight, 51 S.W.3d 559, 562 (Tenn. 2001) (citing Comdata Network, Inc. v. Tennessee Dept. of Revenue, 852 S.W. 2d 223, 224 (Tenn. 1993)).

## III. Analysis

### A. Right to Lesser -Included Offense Instructions

The State asserts that the Court of Criminal Appeals erred in finding Tennessee Code Annotated section 40-18-110(c) unconstitutional because the statute does not preclude lesser-

included offense instructions; it merely establishes reasonable procedures for invoking the right to those instructions. The State urges the Court to assume that the defendant in this case waived the right to an instruction on facilitation for tactical reasons, a decision which bound him. The State argues that, in any event, the trial court's failure to instruct on facilitation of second degree murder does not constitute reversible error.

On the other hand, the defendant contends that the Court of Criminal Appeals correctly held Tennessee Code Annotated section 40-18-110(c) unconstitutional as violating a defendant's right to have a jury consider all lesser-included offense instructions supported by the evidence. The defendant also claims that this statute violates the separation of powers doctrine by removing a court's authority to correct such errors. Moreover, the defendant argues that because the evidence supported a finding that he facilitated the murder, the trial court committed reversible error in failing to instruct on that offense, thereby depriving him of a fair trial.

In State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999), the Court set forth the following test for determining what constitutes a lesser-included offense:

> An offense is a lesser-included offense if:
> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
>
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
>> (1) a different mental state indicating a lesser kind of culpability; and/or
>> (2) a less serious harm or risk of harm to the same person, property or public interest; or
>
> (c) it consists of
>> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
>> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

In addition, an offense can also be lesser-included if it is expressly so designated by the legislature. State v. Rush, 50 S.W.3d 424, 429 n.4 (Tenn. 2001).

Whether a lesser-included offense must be charged in a jury instruction necessarily requires a two-step analysis. First, the trial court must determine whether an offense is a lesser-included offense under the Burns test; then, it must determine whether a charge is justified by the

evidence. State v. Ely, 48 S.W.3d 710, 722 (Tenn. 2001). The second step of this analysis requires a determination that: "(1) reasonable minds could accept the offense as lesser-included; and (2) the evidence is legally sufficient to support a conviction for the lesser-included offense." State v. Wilson, 92 S.W.3d 391, 394 (Tenn. 2002).

First, both parties agree that facilitation of second degree murder is a lesser-included offense under part (c)(1) of the Burns test, and we agree also. Further, we conclude that the evidence could reasonably be interpreted to support a conviction for facilitation of second degree murder. The defendant's precise role in the beating of the victim is unclear. Carrie Jones testified that she saw the defendant hit the victim with a plank several times, but Woods testified that the defendant hit the victim only once with a plastic sign. The defendant's theory was that he hit the victim only once and that this blow did not cause the victim's death. Although this evidence is conflicting, it is sufficient to support, at the very least, a finding of facilitation of second degree murder.

B. Waiver

We must determine, however, whether the defendant waived his right to raise this issue as error on appeal. The prior version of section 40-18-110 provided:

> (a) It is the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so.

Tenn. Code Ann. §40-18-110(a)(1979). This statute placed a duty on trial courts to instruct on all lesser-included offenses supported by the evidence, whether or not requested by the defendant. Strader v. State, 362 S.W.2d 224, 228 (Tenn. 1969) ("Our statute made it the duty of the Judge to give such charge without any request."). Under this prior version of section 40-18-110, a defendant was not required to request a lesser-included instruction to assign as error the trial court's failure to give such instruction. Therefore, all a defendant need do to assign error to a trial court's failure to instruct on a lesser-included offense was to raise that issue on appeal. See id.

Conversely, the current version of section 40-18-110 places a duty on the defendant to request a lesser-included offense in writing at trial to assign as error on appeal the trial court's failure to instruct on such offenses. The current statute, effective for all cases tried on or after January 1, 2002, provides:

> (b) In the absence of a written request from a party specifically identifying the particular lesser included offense or offenses on which a jury instruction is sought, the trial judge may charge the jury on any lesser included offense or offenses, *but no party shall be entitled to any such charge*.

(c)   Notwithstanding any other provision of law to the contrary, when the defendant *fails to request the instruction* of a lesser included offense as required by this section, *such instruction is waived.* Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.

Tenn. Code Ann. §40-18-110(b) - (c) (2003) (emphasis added). Accordingly, if a defendant fails to request an instruction on a lesser-included offense in writing at trial, the issue will be waived for purposes of plenary appellate review and cannot be cited as error in a motion for a new trial or on appeal. See id.; State v. Terry,118 S.W.3d 355, 359 (Tenn. 2003). While a defendant's failure to request a lesser-included offense instruction in writing waives the right to raise such omission as an issue on appeal, the right itself is not waived because the trial court may still charge the jury on any instructions supported by the evidence. See Tenn. Code Ann. § 40-18-100(b). The trial court would presumably still give lesser-included offense instructions, even when not requested, when those instructions are necessary for a fair trial.

Irrespective of section 40-18-110, a defendant has a constitutional right to a correct and complete charge of the law to ensure that he receives a fair trial. State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990). This right encompasses the right to have the jury instructed on all lesser-included offenses supported by the evidence. While an erroneous or inaccurate jury charge may be cited as error for the first time in a motion for a new trial or on appeal, a trial court's incomplete jury charge may be cited as error on appeal only if the defendant requested a lesser-included offense charge at trial. See State v. Faulkner, 154 S.W.3d 48, 58 (Tenn. 2005). The current version of section 40-18-110(c) subjects the right to lesser-included offense instructions to the general rule that issues concerning incomplete instructions are deemed waived in the absence of an objection or special request. See State v. Cravins, 764 S.W.2d 754, 757 (Tenn. 1989).

Furthermore, the waiver of a lesser-included offense for purposes of plenary appellate review is constitutionally permissible. A trial court's failure to instruct on lesser-included offenses is not a structural error. See State v. Allen, 69 S.W.3d 181, 190-91 (Tenn. 2002) (Holding that failure to instruct on lesser-included offenses is subject to constitutional harmless error analysis). As a non-structural constitutional error, the omission of a lesser-included offense instruction is subject to waiver for purposes of plenary appellate review when the issue is not timely raised and properly preserved. See State v. Terry, 118 S.W.3d 355, 359 (Tenn. 2003) (defendant's failure to request lesser-included offense instruction at trial or in a motion for a new trial waived issue). Similarly, issues involving other non-structural constitutional errors must be preserved to receive plenary appellate review. See State v. Gomez, 163 S.W.3d 632, 645 (Tenn. 2005) (Sixth Amendment right to confront witnesses). Accordingly, we conclude that Tennessee Code Annotated section 40-18-110(c) does not violate the constitutional right to trial by jury.

C.  Separation of Powers

This Court invited the parties to address the separation of powers issue. The defendant argues that Tennessee Code Annotated section 40-18-110(c) violates the separation of powers

provision of the Tennessee Constitution by precluding a court from addressing a trial court's error in failing to instruct on lesser-included offenses, even when there has been plain error. See Tenn. Const., art. II, § 2 ("No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted."). The State argues that because the statute provides for a waiver of the right to lesser-included offense instructions, it could not violate the separation of powers because there would be no error for an appellate court to correct.

We agree that Tennessee Code Annotated section 40-18-110(c) does not violate the constitutional provision for separation of powers. Although section 40-18-110(c) precludes a defendant from raising the trial court's failure to instruct on lesser-included offense instructions not requested in writing, appellate courts are not precluded from sua sponte reviewing this issue under the plain error doctrine. Accordingly, we hold that Tennessee Code Annotated section 40-18-110(c) does not violate the constitutional provision for separation of powers.

## D. Plain Error Analysis

We now address whether it is appropriate to review the trial court's failure to give a lesser-included offense instruction, even if the issue was not properly preserved for appeal, under the doctrine of plain error. When determining whether plain error review is appropriate, the following five factors must be established:

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused [must not have waived] the issue for tactical reasons; and
(e) consideration of the error [must be] "necessary to do substantial justice."

Terry, at 360 (citing State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) (footnotes omitted)). An error would have to especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error.

In the present case, at trial, the defendant failed to request a lesser-included offense instruction on facilitation of second degree murder. The defendant has failed to show that he did not waive this issue for tactical reasons. Therefore, the trial court's failure to instruct on facilitation of second degree murder does not rise to the level of plain error.

## IV. Conclusion

We hold that Tennessee Code section 40-18-110(c) does not violate a defendant's right to trial by jury, nor does it violate the constitutional provision for separation of powers. We find, therefore, that by failing to request such an instruction, the defendant waived his right to seek plenary appellate review of the issue. Furthermore, the trial court's failure to instruct on facilitation of second degree murder as a lesser-included offense does not constitute plain error. Accordingly, we reverse the decision of the Court of Criminal Appeals, and reinstate the

7

defendant's conviction for second degree murder. It appearing that the defendant is indigent, the costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE