IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 26, 2006

## STATE OF TENNESSEE v. CHRISTOPHER S. LOVE

**Appeal from the Circuit Court for Hickman County**
**No. 04-5086CR    Timothy L. Easter, Judge**

**No. M2005-01731-CCA-R3-CD - Filed October 5, 2006**

The Appellant, Christopher S. Love, appeals his conviction by a Hickman County jury for sexual battery, a Class E felony. Love was indicted for the offenses of aggravated rape, reckless endangerment, and aggravated assault. Following a jury trial, he was acquitted of reckless endangerment and found guilty of the lesser included offenses of sexual battery and misdemeanor assault. He was subsequently sentenced to concurrent sentences of two years and eleven months and twenty-nine days. On appeal, he raises the single issue of whether it was proper for the trial court to instruct the jury on the lesser included offense of sexual battery. After review, we conclude that the Appellant waived the issue by his failure to object to the inclusion of the instruction at trial. Accordingly, the judgment of conviction for sexual battery is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J.C. McLIN, JJ., joined.

Gary Howell, Mt. Pleasant, Tennessee, for the Appellant, Christopher S. Love.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Michael J. Fahey, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

The twenty-three-year-old Appellant and the victim, Brittney Ruffin, age nineteen, were involved in a tumultuous romantic relationship for approximately one year prior to the instant crime. The two had lived together on several occasions but, on the last occasion, separated when the Appellant hit the victim. On July 5, 2004, the victim was living with her mother, although she and the Appellant were still in contact and were trying to resolve their differences. Following an argument with her mother, the victim called the Appellant and asked him to come and get her. She

packed a bag, intending to stay with the Appellant.  Her mother reluctantly drove the victim to a local gas station where the Appellant picked her up around dark.

The victim and the Appellant then went to an Arby's restaurant where the victim noticed a "hickey" on the Appellant's neck.  The Appellant told the victim that "some girl" gave him the "hickey" and that she was going to be really mad when she saw the scratches on his back.  The victim replied, however, that she was not angry, as the two were separated when these events occurred.  Before leaving Arby's, the Appellant received a call on his cell phone.  The two then left the restaurant, with the victim believing that they were going to a motel for the night.  However, the Appellant drove toward the Hidden Valley Lakes area and turned onto Steep Hill Road, a gravel road in Hickman County.  When the victim asked where they were going, the Appellant informed her that they were going to meet someone.  The Appellant also made a second phone call and told the person to "come on."

After traveling a few miles down the gravel road, the Appellant turned around and parked his car on the shoulder of the road.  He then walked to victim's side of the car and pulled her out of the car.  He proceeded to place the victim on the trunk of the car and told her, "I want some sex."  The victim told the Appellant no and tried to push him away; however, the Appellant continued to struggle with her, kissing her neck and rubbing her legs.  At some point, the Appellant picked the victim up and slammed her to the ground.  He then pulled her shorts and bathing suit bottoms to the side and penetrated her with his penis until he ejaculated.  During this time, the Appellant was holding the victim down with his arms across her chest, which resulted in bruises.

Afterwards, the Appellant got up and stated, "yep, about that time."  A black truck then pulled up driven by the Appellant's mother.  Also in the truck was Valerie Magnan, the mother of the Appellant's infant son.  According to the victim, Magnan jumped out of the vehicle, cursing at her and saying she was defending her son who was too small to defend himself.  At some point, the altercation became physical.  At one point during the fight, the victim managed to get on top of Magnan, but the Appellant came over and kicked her in the ribs in order to get her off of Magnan.  The victim managed to get away, but Magnan chased her and caught her near the Appellant's mother's truck.  During the ensuing struggle, the victim claimed that the Appellant's mother also struck her as well.  After the altercation was over, the Appellant placed the victim in his car.  The Appellant then proceeded to grab her bag from the trunk and began throwing her clothes and personal belongings along the road.  At this time, he told the victim, "You don't fuck with the Love family."  The Appellant then entered the car, and they left the scene.  According to the victim, the Appellant drove a mile or two down the road and then proceeded to open the passenger door and push her out of the moving car.

After lying in the ditch for a few moments, the victim got up and tried to find her belongings.  She found her purse and then began walking down the gravel road.  Near midnight, she came to the Goins' home and beat on the door.  Upon opening the door, the Goins found the victim screaming hysterically that she had been raped.  They also noticed that the victim had scrapes on her knees, elbows, and the tops of her feet.  Upon questioning by the couple, the victim told them that her

boyfriend had raped her. After getting the victim inside the home, the couple called the authorities and the victim's mother. The victim was later transported by ambulance to the local hospital where testing revealed the presence of sperm.

Deputy Lynn of the Hickman County Sheriff's Department took a report from the victim at the hospital in which she gave the Appellant's name as the person who had sexually assaulted her. The Appellant was arrested a few hours later in Lewis County. Additionally, Sergeant Hutchinson drove to Steep Hill Road, where the victim stated the events occurred, and found several items, including clothing, a broken necklace, and unused condoms, strewn all over the road. He also found scuffle marks in the road, indicating that a fight had occurred.

On August 2, 2004, a Hickman County grand jury returned a three-count indictment against the Appellant charging him with aggravated rape, reckless endangerment, and aggravated assault. A jury trial was held in February 2005. At trial, the Appellant testified in his own defense and admitted that he had sex with the victim on the trunk of his car on the evening of July 5 while parked on Steep Hill Road. However, he testified that the sex was consensual. Moreover, he testified that it was the victim who had insisted that he call Valerie Magnan and have her meet them there so that they could talk. According to the Appellant, the victim wanted to make it clear to Magnan that he and the victim were back together and planning on getting married. The Appellant, his mother, and Magnan testified that it was the victim who initiated the ensuing verbal altercation with Magnan. Moreover, they all claimed that the victim referred to the Appellant's son as "a bastard" and "a son of a bitch," inciting Magnan. All three denied that the Appellant ever kicked the victim during the fight. Moreover, each testified that the Appellant left the scene prior to the end of the fight because his mother and Magnan felt that he should not be there because he was on probation at the time. The Appellant's mother and Magnan testified that they left the victim sitting on the side of the road after she refused their offer for a ride. Both stated that the victim had several bruises and scratches on her as a result of the physical altercation.

Following the presentation of the evidence, the trial court discussed the proposed jury instructions with the Appellant and the State. Each side acknowledged that the appropriate lesser offenses for the indicted count of aggravated rape were the offenses of rape and sexual battery. The jury subsequently convicted the Appellant of sexual battery, as a lesser offense of aggravated rape, and of assault, as a lesser offense of aggravated assault, while acquitting him of the reckless endangerment charge. A sentencing hearing was held on April 12, 2005, at which the trial court imposed concurrent sentences of two years for sexual battery and eleven months and twenty-nine days for misdemeanor assault. Following the denial of his motion for new trial, the Appellant filed the instant timely appeal.

**Analysis**

On appeal, the Appellant raises the single issue of whether it was proper for the trial court to instruct the jury on the offense of sexual battery as a lesser offense of the indicted crime of aggravated rape. While conceding that sexual battery is a lesser included offense of aggravated rape,

-3-

the Appellant asserts that in his case it was improper to so charge the jury because the element of penetration was not in dispute as the Appellant conceded that sex occurred and that the medical examination revealed the presence of sperm. Thus, he argues there was no evidentiary basis for the trial court to instruct the jury on the lesser offense of sexual battery because sexual battery requires unlawful sexual contact rather than unlawful sexual penetration.

Tennessee Code Annotated section 40-18-110(d) (2003) provides, in pertinent part, that:

Prior to instructing the law to the jury, the trial judge shall give the parties an opportunity to object to the proposed lesser included offense instructions. If the defendant fails to object to a lesser included offense instruction, the inclusion of that lesser included offense instruction may not be presented as a ground for relief either in a motion for a new trial or on appeal. . . .[1]

In this case, the record clearly demonstrates that the trial court provided the Appellant two opportunities to object to the inclusion of sexual battery in the jury charge. The day before the jury retired to deliberate, the trial court specifically discussed the issue of lesser included offenses with both parties at a bench conference. The court stated that it believed the appropriate lesser included offenses for aggravated rape in this case were rape and sexual battery. The court then proceeded to ask each party if they agreed, and the Appellant offered no objection to the inclusion of sexual battery as a lesser offense. The following day, prior to the jury retiring for deliberations, the court presented each party with a copy of the proposed jury instructions and again asked if there was any "improvement on that from the state or the defense." The Appellant's trial counsel again made no objection to the inclusion of the charge of sexual battery as a lesser offense. Thus, as statutorily provided, this issue may not be presented as a ground for relief in either the motion for new trial or on appeal. T.C.A. § 40-18-110(d); *see also State v. Page*, 184 S.W.3d 223, 229-30 (Tenn. 2006) (holding that the waiver of a lesser-included offense for purposes of plenary appellate review is constitutionally permissible). Accordingly, the Appellant has waived consideration of this issue by his failure to object to the inclusion of the instruction at trial. *See* Tenn. R. App. P. 36(a).[2]

---

[1]Included in the Appellant's motion for new trial is the ground, "The court erred in instructing the jury on the lesser included offense of Sexual Battery in Count 1of the indictment." The Appellant's motion for new trial was denied upon all grounds.

[2]Notwithstanding our conclusion that the lesser-included issue has been waived under the authority of Tennessee Code Annotated section 40-18-110(d), sexual battery is a lesser-included offense of aggravated rape under the part (b) test of *State v. Burns*, 6 S.W.3d 453, 464 (Tenn. 1999). *State v. Bowles*, 52 S.W.3d 69, 74 (Tenn. 2001). The decision to convict on a lesser included offense should not be taken from the jury simply because the element distinguishing the greater offense from the lesser offense is "uncontroverted." *State v. Allen,* 69 S.W.3d 181, 189 (Tenn. 2002). "The jury, not the judge, performs the function of fact-finder." *Burns,* 6 S.W.3d at 472. The evidence in this case warranted an instruction on the lesser offense of sexual battery, and, in the light most favorable to the State, the evidence presented was sufficient to support that conviction.

-4-

## CONCLUSION

Based upon the foregoing, the Appellant's judgment of conviction for sexual battery is affirmed.

_____
DAVID G. HAYES, JUDGE