IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2017

**STATE OF TENNESSEE v. YOLANDA N. SHEDD**

**Appeal from the Circuit Court for Franklin County**
**No. 2016-CR-92      J. Curtis Smith, Judge**

———

**No. M2016-02102-CCA-R3-CD**

———

The Defendant, Yolanda N. Shedd, was indicted for one count of assault, a Class A misdemeanor.  See Tenn. Code Ann. § 39-13-101.  The Defendant was ultimately convicted by a jury of the lesser-included offense of attempted assault, a Class B misdemeanor.  See Tenn. Code Ann. §§ 39-12-101, -12-107(a), -13-101.  The trial court imposed a sentence of six months to be served on unsupervised probation.  On appeal, the Defendant contends (1) that she received ineffective assistance of counsel because her trial counsel had a conflict of interest; (2) that she received ineffective assistance of counsel because trial counsel failed to "properly cross-examine" one of the State's witnesses; and (3) that the trial court improperly interfered with trial counsel's cross-examination of one of the State's witnesses.  However, our review of the record reveals that the Defendant failed to raise these issues in a timely motion for new trial; thereby, waving full appellate review.  Additionally, we conclude that plain error review of the issues is not warranted.  Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Yolanda N. Shedd, Winchester, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; James Michael Taylor, District Attorney General; and Courtney Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

As pertinent to our review, this case arose out of an altercation between the Defendant, her co-defendant, Aaliyah Shedd, and the victim, Chelsea Mills, at a Kroger

Fuel Center in Decherd, Tennessee. Ms. Mills testified at trial that the dispute began when she left the passenger-side door of her car open at the gas pump causing the co-defendant to have trouble navigating around Ms. Mills's car. Ms. Mills further testified that the Defendant began yelling at her. The Defendant approached Ms. Mills, got close to her, and began "chest bumping" Ms. Mills. Ms. Mills testified that the co-defendant then approached her, grabbed her hair, and began hitting her. Ms. Mills admitted that she did not know if the Defendant hit her.

Other witnesses testified that they saw the Defendant "chest bump" the victim. Additionally, surveillance video footage was recovered from the Kroger Fuel Center by Decherd Police Officer Bobby Hamby and played for the jury. Officer Hamby admitted that he arrived at the Kroger Fuel Center after the altercation had ended. Officer Hamby also admitted that the fuel pumps obscured the view of the victim and the defendants for a portion of the video. During cross-examination by the Defendant's trial counsel, Officer Hamby was asked to narrate what he saw on the video. Officer Hamby stated that he saw the Defendant chasing the victim and that the Defendant was "in a fight" with the victim. Based upon the foregoing, the Defendant was convicted of the lesser-included offense of attempted assault. No motion for new trial was filed, but a timely notice of appeal to this court was filed.

On appeal, the Defendant contends that she received ineffective assistance of counsel because her trial counsel had a conflict of interest. The Defendant also contends that trial counsel was ineffective in his cross-examination of Officer Hamby. The Defendant further contends that the trial court interfered with trial counsel's cross-examination of Officer Hamby by not allowing trial counsel to question Officer Hamby about the apparent contradiction between what was seen on the video surveillance footage and Officer Hamby's narration that the Defendant was chasing and fighting the victim. The State responds that the Defendant failed to raise these issues in a motion for new trial; thereby, waiving full appellate review and that plain error review is not warranted.

Tennessee Rule of Appellate Procedure 3(e) treats issues "upon which a new trial is sought" as waived "unless the same was specifically stated in a motion for a new trial." The Defendant did not file a motion for new trial raising these issues. As such, we review these issues solely for plain error. The doctrine of plain error applies when all five of the following factors have been established:

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused must not have waived the issue for tactical reasons; and
(e) consideration of the error must be "necessary to do substantial justice."

State v. Page, 184 S.W.3d 223, 230-31 (Tenn. 2006) (quoting State v. Terry, 118 S.W.3d 355, 360 (Tenn. 2003)) (internal brackets omitted). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." Id. at 231.

With respect to the Defendant's claims of ineffective assistance of trial counsel, we conclude that plain error review is not warranted because the Defendant has failed to show that she did not waive these issues for tactical reasons. Page, 184 S.W.3d at 230. Although a defendant may raise an ineffective assistance of counsel claim in her motion for new trial or on direct appeal, this court has repeatedly noted that "the practice . . . is fraught with peril since it is [typically] impossible to demonstrate prejudice as required" at those stages of a proceeding. State v. Blackmon, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (internal quotation marks omitted). As such, we conclude that the waiver of the Defendant's ineffective assistance of counsel claims was likely for tactical reasons.

With respect to the Defendant's claim that the trial court improperly interfered in trial counsel's cross-examination of Officer Hamby, we conclude that plain error review is not warranted because the Defendant has failed to show that consideration of the error is "necessary to do substantial justice." Page, 184 S.W.3d at 231. Officer Hamby testified that he saw the Defendant chasing and fighting with the victim on the video surveillance footage. However, the video surveillance footage was admitted into evidence for the jury to review. Furthermore, Ms. Mills admitted at trial that she did not know if the Defendant hit her during the altercation. Ultimately, the jury acquitted the Defendant of the charged assault and instead convicted her of the lesser-included offense of attempted assault. As such, we decline to review this issue for plain error.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-3-