FILED

10/19/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2017

**STATE OF TENNESSEE v. ERIC MILON**

**Appeal from the Criminal Court for Shelby County**
**No. 14-02454        Paula Skahan, Judge**

_____

**No. W2016-01707-CCA-R3-CD**

_____

A Shelby County jury convicted the Defendant, Eric Milon, of being a felon in possession of a firearm and of being a felon in possession of a handgun.   The trial court merged the two convictions and sentenced the Defendant to five years of incarceration.   On appeal, the Defendant contends that the trial court erred when it denied his motion to suppress evidence seized during a stop and search of the Defendant and when it admitted inadmissible hearsay.   After a thorough review of the record and relevant authorities, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

Stephen Bush, District Public Defender; Taurus Bailey (at trial) and Phyllis Aluko (on appeal), Assistant District Public Defenders, Memphis, Tennessee, for the appellant, Eric Milon.

Herbert H. Slatery III, Attorney General and Reporter; David Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I.   Facts**

This case arises from the Defendant and a woman being approached on the street by two police officers based on an anonymous complainant who had reported that the Defendant and his companion were in an argument, the Defendant was armed, and the Defendant had warrants out for his arrest.   Upon questioning by the officers, the

Defendant admitted that he was armed, and, after a pat down of the Defendant, one of the officers found a loaded weapon in his waistband, for which the Defendant did not have a permit. The officers detained the Defendant. Based on these facts, a Shelby County grand jury indicted the Defendant for being a felon in possession of a firearm and being a felon in possession of a handgun.

## A. Trial

On the day of trial, before voir dire, the Defendant informed the trial court that he had filed a motion to suppress the search of his person and the evidence seized. It appears that the motion was neither filed with the trial court nor was a copy given to the State until the day of trial. The State responded that the police officer who conducted the stop and search of the Defendant was not available to testify on that particular day. The trial court found that the Defendant's motion was not timely, considering that the Defendant's indictment was two years old and that the trial had been reset multiple times. The trial court declined to hear the motion. A jury was selected, following which the Defendant filed a motion *in limine*, contending that the police officer's testimony about the anonymous complainant's 911 call was inadmissible hearsay. The trial court heard arguments from both sides and ruled that the anonymous tip was not being offered for the truth of the matter asserted and thus was not inadmissible hearsay.

The State then presented the following evidence: Officer Chad Conley testified that he was employed by the Memphis Police Department and that he responded to a call on November 22, 2013, which he described as an "anonymous complaint" regarding a "male and female involved in some type of fight." The complainant did not specify whether the fight was physical or verbal but described the male individual as wearing "a New York style jacket" and stated that the male individual "possibly had warrants and may be armed with a handgun."

Officer Conley and his partner responded to the location identified by the complainant and initially did not see anyone fitting the complainant's description. After a few moments, they spotted a male and a female walking down the street together; the male was wearing the "New York styled jacket as described" by the complainant. Officer Conley and his partner approached the couple on foot and asked them to "come here." The officers spoke with the couple and asked if anything was "going on." The female replied, "No." Officer Conley asked if the couple had been in a fight, and the female responded that they had been arguing but were "fine now." Officer Conley asked the male, the Defendant, if he was armed, and the Defendant admitted that he was. "[F]or officer safety," the officers detained the Defendant and took the weapon out of the Defendant's possession. When asked if he had a permit for the weapon, the Defendant replied that he did not. The weapon was a .32 caliber semiautomatic handgun. Officer

Conley identified the weapon and testified that he checked it for rounds; it contained ten live rounds. The weapon was not registered to the Defendant.

The Defendant initially gave Officer Conley the name Prentice Milon, although the officer later discovered that his real name was Eric Milon. Officer Conley identified a Rights Waiver form that he read to the Defendant and that the Defendant signed. Officer Conley recalled that the officers found the weapon clipped to the Defendant's waistband, hidden by the Defendant's baggy clothing.

On cross-examination, Officer Conley testified that the dispatcher asked Officer Conley to respond to the call about "two individuals [who] were arguing or fighting and that the male may have a warrant and may be armed." He clarified that he did not hear the actual call but only what the dispatcher read from her computer screen.

At the close of the State's evidence, the Defendant renewed his motion to suppress the stop and search of the Defendant by Officer Conley, which the trial court denied, stating:

> I believe the law is pretty clear [in] situations where there is an allegation that somebody has a gun and it's a clear description, distinctive clothing such as a New York outfit I believe was the testimony, coupled with the officer was able to pretty easily locate the person.
>
> [The officer] goes up and make[s] inquiry, which in this case he did and that is not an unreasonable search and seizure.

The Defendant did not present any proof. Based on the evidence presented, the jury convicted the Defendant of being a felon in possession of a firearm and of being a felon in possession of a handgun. At a subsequent sentencing hearing, the trial court merged the two convictions and ordered the Defendant to serve five years of incarceration consecutively to his sentence in a federal case. The parties stipulated that the Defendant had three prior felony convictions. The Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it denied his motion to suppress any evidence resulting from his encounter with Officer Conley because the anonymous tip did not amount to probable cause that the Defendant was engaging in illegal activity. He further contends that the trial court erred when it allowed Officer Conley to testify about the anonymous tip called in to the 911 dispatcher because it was inadmissible hearsay and violated his Sixth Amendment confrontation rights. The State

3

responds that the trial court properly declined the Defendant's motion to suppress because it was untimely and that Officer Conley's encounter with the Defendant was consensual, thus not implicating constitutional protections. The State further asserts that Officer Conley's actions were supported by reasonable suspicion and the community caretaking doctrine. The State also asserts that the trial court properly allowed Officer Conley to testify about what he heard from the 911 dispatcher because it was not improper hearsay being offered for the truth of the matter asserted but offered to explain the reason that Officer Conley approached the Defendant.

## A. Motion to Suppress

The Defendant appeals the trial court's effective denial of his motion to suppress because it refused to hear the motion. He contends that Officer Conley lacked reasonable suspicion supported by articulable facts or probable cause to stop him on the street and search him. The Defendant argues that the anonymous caller did not provide sufficient reliability about the information it was providing to predicate the stop. The State responds that the trial court properly declined to hear the Defendant's motion because it was not timely filed. We agree with the State.

Rule 12(b)(2)(C) of the Rules of Criminal Procedure requires that all motions to suppress evidence must be in writing and filed prior to trial and that they be heard prior to trial, unless good cause is shown to justify the non-compliance with this rule. Tenn. R. Crim. P. 12(b)(2)(C) and 12(f)(1). In the present case, the Defendant apparently filed a motion the morning of trial and the trial court, noting the number of times the Defendant's trial had been delayed, and in consideration of the fact that the State's witness could not testify that day as to the suppression issue, declined to reset the trial again to allow for a suppression hearing to be held first. The Defendant did not provide a reason for his failure to comply with the Rule. We conclude that the trial court properly declined to hear the Defendant's motion based on his untimely filing and the attending circumstances. The Defendant is not entitled to relief as to this issue.

## B. Admissibility of Officer's Testimony Regarding 911 Call

The Defendant next contends that the trial court erred when it allowed Officer Conley to testify about the anonymous complainant's call to 911. He contends that the 911 call was inadmissible hearsay because it was a statement made by an anonymous person outside of the courtroom and is not an exception to the rule against hearsay. The Defendant further contends that the testimony was admitted in violation of his Sixth Amendment Right to Confrontation because the caller was not available for cross-examination. The Defendant asserts that if this issue was waived at trial, he is entitled to relief pursuant to plain error review. The State responds that Officer

4

Conley's testimony about the 911 call was not offered to prove the truth of the matter asserted, and thus, it is admissible testimony. The State further responds that the Defendant's Sixth Amendment challenge was waived at trial and in any event, the Confrontation Clause does not apply because the call was not introduced for the truth of the matter asserted.

The admissibility of evidence rests within the sound discretion of the trial court, and this court does not interfere with the exercise of that discretion unless a clear abuse appears on the face of the record. *State v. Franklin*, 308 S.W.3d 799, 809 (Tenn. 2010). "A trial court abuses its discretion only when it applies an incorrect legal standard or makes a ruling that is 'illogical or unreasonable and causes an injustice to the party complaining.'" *Id.* However, the determination of "'[w]hether the admission of hearsay statements violated a defendant's confrontation rights is . . . a pure question of law.'" *State v. Brian Roberson*, No. E2013-00376-CCA-R3-CD, 2014 WL 1017143, at *6 (Tenn. Crim. App., at Knoxville, Mar. 14, 2014) (quoting *State v. Franklin*, 308 S.W.3d 799, 809 (Tenn. 2010)) (footnote omitted), *perm. app. denied* (Tenn. Sept. 18, 2014). Thus, the proper application of that law to the trial court's factual findings is a question of law and is subject to de novo review. *Id.*

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tenn. R. Evid. 801(c). Hearsay is not admissible unless admission is authorized by the evidence rules or by other controlling provisions of law. *Id.* at 802. The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI. The Tennessee Constitution provides the corresponding right "to meet witnesses face to face." Tenn. Const. art. I, § 9. In order to protect a defendant's right to confrontation, before the prior testimony of a witness will be admitted, the State must show that (1) the witness is unavailable and (2) the defendant had a prior opportunity to cross-examine the witness. *See State v. Maclin*, 183 S.W.3d 335, 351 (Tenn. 2006) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)).

The trial court deemed the testimony admissible and said that Officer Conley's testifying about the 911 call was being offered to show

> why [Officer Conley] was around [the Defendant] to begin with. Why he was investigating the scene and obviously those are some very serious allegations that came from this anonymous tip that there's somebody who has a gun and who has outstanding warrants.
>
> And that's the extent of the tip, which would warrant an officer to go

5

and further investigate. It's not offered for the truth of the matter asserted, but as to why the officer was further investigating the situation. So I am going to overrule the objection. . . . [I]t's not hearsay.

We conclude that the trial court did not abuse its discretion when it determined that Officer Conley's testimony about the anonymous complainant's statements was not being offered for the truth of the matter asserted and thus was not inadmissible hearsay. Officer Conley testified that the reason he approached the Defendant and his companion was to talk with them based on the report to 911 that they had been seen arguing on the street and that the Defendant was armed. That the Defendant did in fact have a weapon on his person was later revealed by the Defendant's voluntary admission. The officer's testimony about the 911 call was not offered to prove the fact that the Defendant was armed. Evidence that the Defendant was armed was presented through Officer Conley's testimony about what the Defendant said and did, i.e., admitting to possessing a weapon. As such, this testimony was not hearsay and was properly admitted into evidence.[1] As to the Defendant's argument that the testimony violated his confrontation rights, he has waived this argument by not having specifically objected to the admission on this ground. *See* Tenn. R. App. P. 36(a). Even so, as we have concluded that the testimony was not inadmissible hearsay, the issue of confrontation is not applicable. *State v. Price*, 46 S.W.3d 785, 804 (Tenn. 2000) (citing *Tenn. v. Street*, 471 U.S. 409, 414 (1985) and *State v. Gibson*, 973 S.W.2d 231, 243 (Tenn. Crim. App. 1997)).

Finally, we address the Defendant's argument that he is entitled to plain error relief as to his hearsay and confrontation arguments. He argues that he was not afforded the clear and unequivocal right to cross-examine the statement's declarant concerning the declarant's statements to the 911 operator, which adversely affected his federal and state constitutional rights. The State responds that the Defendant cannot satisfy all of the plain error requirements because a substantial right of the Defendant was not affected and because plain error review is not necessary to do substantial justice in this case.

We may review issues normally considered waived pursuant to the plain error doctrine. Tenn. R. App. P. 36(b). The doctrine of plain error only applies when all five of the following factors have been established:

(1) the record clearly establishes what occurred in the trial court;
(2) the error breached a clear and unequivocal rule of law;
(3) the error adversely affected a substantial right of the complaining party;
(4) the error was not waived for tactical reasons; and

---

[1] In the State's brief, it is suggested that the evidence is admissible "to explain [Officer] Conley's state of mind and why he approached the [D]efendant." We note that the state of mind hearsay exception set forth in Tennessee Rule of Evidence 803(3) is applicable to the *declarant's* state of mine, and thus, would not be applicable here.

(5) substantial justice is at stake; that is, the error was so significant that it "probably changed the outcome of the trial."

*State v. Hatcher*, 310 S.W.3d 788, 808 (Tenn. 2010) (quoting *State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000)). "An error would have to [be] especially egregious in nature, striking at the very heart of the fairness of the judicial proceeding, to rise to the level of plain error." *State v. Page*, 184 S.W.3d 223, 231 (Tenn. 2006). All five factors must be present for plain error review. *See State v. Smith*, 24 S.W.3d 274, 283 (Tenn. 2000). It is the accused's burden to persuade an appellate court that the trial court committed plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993). Further, our complete consideration of all five of the factors is not necessary when it is clear from the record that at least one of them cannot be satisfied. *Smith*, 24 S.W.3d at 283.

We conclude that the Defendant has not satisfied several of the factors that would entitled him to plain error relief. As we have concluded that the admissible testimony was not hearsay or a violation of the Defendant's confrontation rights, we conclude that he has not satisfied factor (2), that a clear and unequivocal rule of law has been breached. We also agree with the State's assertion that he has not shown that a substantial right of his has been adversely affected, as required by factor (3), because he has not presented an argument as to how the opportunity to cross-examine the 911 complainant would have helped his case. Accordingly, the Defendant is not entitled to plain error relief as to this issue.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE