IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2014 at Knoxville

**STATE OF TENNESSEE v. DON ARTURO HYLER**

**Appeal from the Criminal Court for Davidson County**
**No. 2010-A-601    Mark J. Fishburn, Judge**

**No. M2014-00221-CCA-R3-CD - Filed January 27, 2015**

The defendant, Don Arturo Hyler, was convicted of the sale of 26 grams or more of cocaine and possession of 300 grams or more of cocaine with intent to sell in a drug-free school zone and received a total effective sentence of fifteen years at 100%. On appeal, he argues that the evidence is insufficient to support his convictions; that the court should have instructed the jury as to the lesser-included offense of facilitation; that the State made an improper reference in the opening statement regarding prior bad acts of the defendant; and for failing to grant a severance of charges for trial. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, P. J., delivered the opinion of the Court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Michael A. Colavecchio (on appeal) and Karl Pulley (at trial), Nashville, Tennessee, for the appellant, Don Arturo Hyler.

Herbert H. Slatery, III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Antoinette Welch and John Zimmerman, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

Detective Justin Fox of the Metropolitan Nashville Police Department testified that, under his direction, a confidential informant, who previously had bought cocaine from the defendant, telephoned the defendant on December 8, 2009, seeking to buy nine ounces of

cocaine. They agreed upon a price of $8250. The informant told Detective Fox that the defendant was employed at a Nashville restaurant called "At the Table." The informant was to meet the defendant at a local Wendy's restaurant. Detective Fox observed their meeting, and, on electronic monitoring equipment, heard the informant say, "It's good," signifying to him that the purchase had been made from the defendant. Detective Fox followed the informant to an agreed-upon meeting place, where he retrieved the recording equipment and took possession of the cocaine which was determined to weigh 250 grams.

In a series of conversations beginning on December 11, 2009, the defendant agreed to sell the confidential informant a kilogram of cocaine. On December 16, the defendant told the informant that he had located a supplier for the cocaine, and Detective Fox followed the defendant from his job at the restaurant to another location in Nashville, where he met another individual who got into the defendant's car. The informant contacted Detective Fox and said that the defendant had told him that he had gotten the cocaine. The defendant's vehicle was stopped on I-24 in Nashville, and Detective Fox, upon searching the vehicle, found a "brick" of cocaine under the front passenger seat.

## ANALYSIS

We will consider the issues presented on appeal by the defendant.

### I. Sufficiency of the Evidence

Our review of a defendant's challenge to the sufficiency of the evidence to sustain a conviction is governed by well settled principles of law. Our standard of review regarding sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e). After a jury finds a defendant guilty, the presumption of innocence is removed and replaced with a presumption of guilt. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Consequently, the defendant has the burden on appeal of demonstrating why the evidence was insufficient to support the jury's verdict. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellate court does not weigh the evidence anew; rather, "a jury verdict, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts" in the testimony and all reasonably drawn inferences in favor of the State. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, "the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom." Id. (citation omitted). This standard of review applies to guilty verdicts based upon direct or circumstantial evidence. State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (citing State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)). In Dorantes,

our supreme court adopted the United States Supreme Court standard that "direct and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." Id. at 381. Accordingly, the evidence need not exclude every other reasonable hypothesis except that of the defendant's guilt, provided the defendant's guilt is established beyond a reasonable doubt. Id.

The State presented substantial proof as to the defendant's guilt. Detective Fox testified as to recorded telephone conversations between the informant and the defendant, explaining the jargon they used in setting up the drug sale by the defendant to the informant. Detective Fox and other officers watched from a distance as the informant entered and soon left the defendant's vehicle and listened to the conversation between the two as the informant purchased the drugs. After the sale, officers met with the informant, who gave them approximately nine ounces of cocaine. As to the conviction for possession with intent to sell, Detective Fox testified as to the recorded conversations between the informant and defendant arranging the sale of cocaine to the informant. Following the traffic stop of the defendant's vehicle, they seized a kilo of cocaine from inside the passenger compartment. The State also presented unchallenged evidence that the defendant had possessed drugs within 1000 feet of two schools. From all of this, we conclude that a reasonable jury could have determined beyond a reasonable doubt that the defendant committed the offenses for which he was convicted.

## II. Court's Not Charging the Jury as to Facilitation

On appeal, the defendant argues that he "was simply transporting the cocaine belonging to another person as a favor and therefore had no interest in the cocaine and/or had no arrangement or intention to receive any compensation from the actual owner of the cocaine." The State responds that this claim is waived because the defendant failed to request in writing a facilitation instruction.

Tennessee Code Annotated section 40-18-110 provides in pertinent part:

> (b) In the absence of a written request from a party specifically identifying the particular lesser included offense or offenses on which a jury instruction is sought, the trial judge may charge the jury on any lesser included offense or offenses, but no party shall be entitled to any lesser included offense charge.

> (c) Notwithstanding any other provision of law to the contrary, when the defendant fails to request the instruction of a lesser included offense as required by this section, the lesser included offense instruction is waived.

> Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.

Tenn. Code Ann. § 40-18-110(b)-(c). We, therefore, review this issue only under the doctrine of plain error. See State v. Page, 184 S.W.3d 223, 230-31 (Tenn. 2006).

We cannot conclude that the trial court's not providing instructions as to facilitation rises to the level of plain error because it is not clear that the defendant was entitled to the instructions; thus, there was no breach of a clear and unequivocal rule of law. Accordingly, we conclude that this claim is without merit.

### III. Statement Regarding Previous Drug Dealing by the Defendant

During her lengthy opening statement, the prosecutor explained the relationship between the defendant and the confidential informant and said that "[t]he [informant] had a prior relationship with [the defendant], they knew each other, they had done drug deals in the past together." No objection was made to this statement. Accordingly, the issue is waived on appeal. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). As to the statement, the defendant cannot establish "plain error," in light of the overwhelming evidence of his guilt. See State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000).

### IV. Severance

On appeal, the defendant argues that the trial court erred by not severing for trial the charges for which he was convicted.

Tennessee Rule of Criminal Procedure 8(b) provides:

> Permissive Joinder of Offenses.--Two or more offenses may be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13, if:
>
> > (1) the offenses constitute parts of a common scheme or plan; or
> >
> > (2) they are of the same or similar character.

As to severance, Tennessee Rule of Criminal Procedure 14(b) provides:

Severance of Offenses.

(1) Involving Permissive Joinder of Offenses.--If two or more offenses are joined or consolidated for trial pursuant to Rule 8(b), the defendant has the right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible in the trial of the others.

The defendant was charged in three counts of a four-count indictment. He was not charged in Count 2. The State responds to this issue by pointing out that the record on appeal does not show that the defendant sought to sever the offenses for which he was convicted. We note that the defendant's motion for severance, apparently filed on May 10, 2012, sought to sever Counts 3 and 4 (the counts for which he was convicted) from Count 1. The record further shows that a hearing was held on this motion on May 15, 2012. The motion was granted by the court. Accordingly, since it does not appear from the record that the defendant made a request to sever Count 3 from Count 4 prior to trial, we conclude that it is waived. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). We conclude that this claim is without merit.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE