

FILED

06/12/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

**STATE OF TENNESSEE v. ROBERT PAGE**

**Appeal from the Criminal Court for Shelby County**
**No. 99-09509          Chris Craft, Judge**

_____

**No. W2016-01524-CCA-R3-CD**

_____

Pro se petitioner, Robert Page, appeals the summary dismissal of his Rule 36.1 motion to correct an illegal sentence by the Criminal Court of Shelby County. In this appeal, the petitioner claims his original sentence is illegal because the trial court "increased his sentence beyond the presumptive sentence" in violation of Blakely v. Washington, 542 U.S. 296 (2004), and its progeny. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and J. ROSS DYER, JJ., joined.

Robert Page, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Reginald Henderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On August 17, 1999, the petitioner was indicted for and subsequently convicted of second degree murder for his participation in the beating and death of Roosevelt Burgess. State v. Page, 184 S.W.3d 223, 226 (Tenn. 2006). The trial court sentenced him to serve thirty-eight years' imprisonment in the Tennessee Department of Correction. This court reversed his conviction on direct appeal and remanded the case for a new trial based on the trial court's failure to instruct the jury on facilitation. State v. Robert Page, No. W2003-01342-CCA-R3-CD, 2004 WL 3352994, at *16 (Tenn. Crim. App. Aug. 26, 2004). Upon further review, the Tennessee Supreme Court reversed and concluded that the failure to instruct on lesser-included offenses in the petitioner's case did not constitute

plain error. Page, 184 S.W.3d at 226. The petitioner then filed a petition for post-conviction relief, the denial of which was affirmed by this court. Page v. State, No. W2010-02268-CCA-R3-PC, 2011 WL 6234525, at *1 (Tenn. Crim. App. Dec. 13, 2011). On May 4, 2016, the petitioner filed a motion to correct illegal sentence, alleging that the trial court improperly applied two enhancement factors to increase his sentence in violation of Blakely and its progeny. The trial court summarily dismissed the motion by order on June 21, 2016. It is from this order that the petitioner appeals.

In this appeal, the petitioner claims the trial court erred in summarily denying his Rule 36.1 motion without a hearing. He argues his motion states a colorable claim for relief under Rule 36.1 because the trial court increased his sentence based on the following enhancement factors: "(1) the defendant . . . treated or allowed victim to be treated with exceptional cruelty during the commission of the offense with regard to being beaten to death with a two-by-four, with all injuries; [and] (2) the defendant has previous history or unwillingness to comply with conditions of sentence involving release into the community." In response, the State contends the trial court properly denied relied because the petitioner failed to state a cognizable claim for relief. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, a petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the unexpired sentence is illegal." Tenn. R. Crim. P. 36.1(b)(3); see State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015). Whether a motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, which this court reviews de novo. Id. at 589 (citing Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007)).

In Wooden, the Tennessee Supreme Court recognized that "mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal." Id. at 595 (citing Cantrell v. Easterling, 346 S.W.3d 445, 448-49 (Tenn. 2011)). The court held that sentencing errors could be divided into three categories-clerical errors, appealable errors, and fatal errors. Id. The court emphasized that only fatal errors are "'so profound as to render the sentence illegal and void.'" Id. (quoting Cantrell, 346 S.W.3d at 452). This category consists of sentences not authorized by the applicable statutes or sentences that directly contravene an applicable statute. Id. (citing Tenn. R. Crim. P. 36.1(a)(2); Cantrell, 346 S.W.3d at 452). Included in the category of fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and

- 2 -

sentences not authorized by any statute for the offenses." Id. (citing Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010). On the other hand, appealable errors, which consist of those errors for which the Sentencing Act provides a right of direct appeal, include errors "'akin to . . . challenge[s] to the sufficiency of the evidence supporting a conviction,' such as claims that the record does not support the trial court's factual findings regarding sentencing." Id. (quoting Cantrell, 346 S.W.3d at 450-52). The court added that "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. (citing Cantrell, 346 S.W.3d at 450-51; State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014)).

Taking the petitioner's claims as true, and viewing them in the light most favorable to him, we agree with the trial court, and conclude that he has failed to present a colorable claim for correction of an illegal sentence. The petitioner's attack upon his sentence based on Blakely is an appealable error, which does not render his sentence illegal and void. State v. Bush, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App. Dec. 18, 2014), perm. app. denied (Tenn. Mar. 12, 2015). Because the petitioner has failed to state a colorable claim that his sentences are illegal, we affirm the trial court's summary dismissal of the motion.

## CONCLUSION

Based on the aforementioned authorities and reasoning, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

- 3 -