FILED

12/14/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 11, 2021

## TELLY LAMONT BOOKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County
No. 103691     Kyle A. Hixson, Judge**

_____

### No. E2021-00092-CCA-R3-PC
_____

The Petitioner, Telly Lamont Booker, filed a petition for post-conviction relief challenging his convictions for possession with intent to sell or deliver .5 grams or more of cocaine in a school zone, evading arrest, and unlawful possession of a weapon, as well as the resulting twenty-eight-year sentence. The post-conviction court denied relief, and the Petitioner appeals. On appeal, the Petitioner alleges that trial counsel was ineffective in the following ways: (1) by not pursuing a defense of simple possession; (2) by failing to object to the testimony of Officers Heitz and Noe regarding habits of drug dealers because they were not experts; (3) and by cumulative error. After our review, we affirm the judgment of the post-conviction court denying the Petitioner relief.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT and JILL BARTEE AYERS, JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellant, Telly Lamont Booker.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Charme P. Allen, District Attorney General; and Jordan Hamilton Murray, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### TRIAL

At trial, the Petitioner was convicted of possession with intent to sell or deliver .5 grams or more of cocaine in a school zone, evading arrest, and unlawful possession of a

weapon. See Tenn. Code Ann. §§ 39-16-603, -17-432, -17-1307. The Petitioner was sentenced to an effective twenty-eight-year sentence. See State v. Telly Lamont Booker, No. E2011-01915-CCA-R3-CD, 2013 WL 1342491 (Tenn. Crim. App. Apr. 3, 2011), perm. app. denied (Tenn. June 12, 2013).

At trial, Knoxville Police Department ("KPD") Officer Eric Heitz testified that around approximately 3:30 a.m. on March 17, 2007, he responded to a call of shots being fired near "Holston Drive, Holston Court" that involved a white Ford Expedition. Booker, 2013 WL 1342491, at *1. Upon arrival, Officer Heitz observed a white Ford Expedition back into a laundry facility parking space. When Officer Heitz pulled into the laundry facility parking lot, the Petitioner jumped from the still-moving vehicle and fled on foot. Officer Heitz gave chase.

After a brief chase, the Petitioner entered a wooded area, and Officer Heitz chose not to follow. Booker, 2013 WL 1342491, at *1. Soon after the Petitioner entered the woods, Office Heitz spotted the illuminated screen of the Petitioner's telephone and found the Petitioner "lying on the ground, trying to hide." Officer Heitz arrested the Petitioner. He then retraced the chase route to look for items "that may have been tossed by the suspect" and found a handgun lying on the ground in the same location where the Petitioner had been hiding.

Following his arrest, the Petitioner was taken to the police station, and a search of his person was conducted. Booker, 2013 WL 1342491, at *1. Officer Heitz found "three large pieces of crack cocaine" and "three smaller pieces" in "plastic baggies" in the Petitioner's front pants pocket. Officer Heitz testified that this amount was atypical for a casual drug user.

KPD Officer Scott Noe also responded to the March 17, 2007 call and saw the Petitioner jump out of the Ford Expedition while the vehicle continued to roll into Officer Heitz's patrol car. Booker, 2013 WL 1342491, at *1. Officer Noe assisted Officer Heitz during the arrest and searched the Petitioner's vehicle. He found a bag containing two smaller bags, one that contained two larger rocks of crack cocaine and one that contained six smaller rocks. Officer Noe testified that he had "never ever, ever, seen anyone have this much crack cocaine for personal use" and that "no crack pipes, no glass tubes, no metal tubes, no crooked Coke cans" had been found in the vehicle. He asserted that the crack cocaine he found in the vehicle was packaged "identically" to the cocaine discovered in the Petitioner's possession.

Officer Noe testified that after being provided Miranda warnings, the Petitioner admitted that he had taken ecstasy and had become nauseated. Booker, 2013 WL 1342491, at *2. The Petitioner also admitted to removing the handgun from the vehicle and putting it into his pants pocket before fleeing the scene. Officer Noe transported the Petitioner to the police station, and during the interview with Investigator Jim Claiborne, Officer Noe recalled that the Petitioner admitted to selling crack cocaine. The Petitioner had also claimed to use crack cocaine as a "bartering system." Officer Noe acknowledged that the Petitioner did not admit to selling drugs on that particular evening, only that he had sold drugs in the past and that he intended to use the drugs in his possession that day for bartering.

KPD Sergeant Joshua Shaffer testified as an expert witness "in the field of investigations in drug-related crimes." Booker, 2013 WL 1342491, at *2. He averred that he had never encountered a cocaine user who possessed such a large amount for personal use. He testified that more experienced cocaine dealers "carry a larger piece" of crack cocaine and will break off smaller portions to sell. He estimated the street value of fourteen grams of cocaine to be around $1,400 and testified that drug dealers are more likely to be armed than drug users.

Melanie Stipes, an employee of Freedom Christian Academy, testified to the geographic location of the school and the age range of students who attended. Booker, 2013 WL 1342491, at *3. Knoxville Geographic Information Systems Analyst and Cartographer Garrett McKinney testified that he created a map of the area and discovered that the Petitioner was apprehended some 384 feet from Freedom Christian Academy.

Following his convictions, the Petitioner appealed to this court. On direct appeal, the Petitioner claimed that the trial court erred by admitting evidence of his previous convictions, by allowing Sergeant Shaffer to testify as an expert witness on the habits of individuals involved in the illegal drug trade, and by refusing to provide a requested lesser-included offense jury instruction. Booker, 2013 WL 1342491, at *3.

Relative to the Petitioner's first allegation, this court concluded that nothing in the record supported his claim that the trial court permitted the State to offer evidence of the Petitioner's prior convictions after he entered an open plea of guilty to the charge of possession of a firearm after having been convicted of a violent felony and a drug-related

-3-

felony. Booker, 2013 WL 1342491, at *3. Additionally, although certified copies of the Petitioner's convictions were entered as exhibits, these were specifically marked with "Do Not Pass to Jury."

Relative to the Petitioner's expert witness issue, this court concluded that no error existed because it had previously held that when an officer possesses the necessary training, experience, and is familiar with the illicit drug trade, the officer may testify about matters regarding the buying, selling, trading, and using of such drugs. Booker, 2013 WL 1342491, at *4. Sergeant Shaffer testified that he had been working as a full-time police officer with the KPD for eleven years at the time of trial and that he had spent five years in KPD's "Explorer Program" as a teenager before becoming a police cadet in 1998. He testified that he had spent the early part of his career investigating "street-level" drug crimes. In 2007, he joined a unit that investigated drug trafficking and dealt with drug crimes on a daily basis. He had received extensive training in drug identification, drug crime investigation, and gang identification and investigation. He had also taught several courses in drug investigation. Based upon all of this, the trial court recognized Sergeant Shaffer as an expert witness.

This court continued that the State was required to prove that the Petitioner possessed the cocaine for sale or delivery which was addressed by Sergeant Shaffer's testimony. Booker, 2013 WL 1342491, at *5. This testimony informed the jury's determination regarding whether the Petitioner possessed the cocaine for this purpose. Finally, the court noted that Sergeant Shaffer's objected to testimony was virtually the same testimony offered by Officers Heitz and Noe, to which the Petitioner did not object.

Finally, relative to the Petitioner's claim that the trial court erred by refusing to instruct the jury that possession of cocaine with intent to sell or deliver outside a school zone was a lesser-included offense of possession of cocaine with intent to sell or deliver within 1,000 feet of a school, this court concluded that the Petitioner failed to request the jury instruction in writing prior to trial and that this court was precluded from considering the issue. Booker, 2013 WL 1342491, at *5. At the time of trial, lesser-included offenses were governed by Tennessee Code Annotated section 40-18-110, which provided, in pertinent part, as follows:

(b) In the absence of a written request from a party specifically identifying the particular lesser included offense or offenses on which a jury instruction is sought, the trial judge may charge the jury on any lesser included offense

-4-

or offenses, but no party shall be entitled to any lesser included offense charge.

(c) Notwithstanding any other provision of law to the contrary, when the defendant fails to request the instruction of a lesser included offense as required by this section, the lesser included offense instruction is waived. Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.

Tenn. Code Ann. § 40-18-110(b)-(c). Our supreme court has stated that an issue regarding the failure to instruct on a lesser-included offense may not be presented on appeal unless the lesser-included offense instruction was requested in writing prior to the trial. See State v. Page, 184 S.W.3d 223, 230 (Tenn. 2006). Additionally, this court did not find that the trial court's refusal to provide the jury instruction rose to the level of plain error.

## POST-CONVICTION HEARING

The Petitioner filed a pro-se petition seeking post-conviction relief on June 2, 2014, and was subsequently appointed counsel. The petition alleged that trial counsel was ineffective for not pursuing a defense of simple possession, failing to object to police officer testimony, and cumulative error.

At the post-conviction hearing, trial counsel testified that he had been practicing law for approximately thirty-three years. He had been a prosecutor for ten years and had, among other legal jobs, been in private practice for twenty years. He averred that he and the Petitioner had a good relationship, and both had agreed to a theory of defense that the Petitioner was a drug user, not a seller. Trial counsel recalled discussing with the Petitioner whether he should testify at trial, and he had recommended that the Petitioner not testify. Trial counsel averred that the Petitioner had agreed.

Trial counsel recalled that a simple possession jury instruction was charged to the jury at trial but could not recall if a discussion about a lesser-included jury instruction was had in front of the jury. He was certain "there would have been a discussion" regarding the jury instruction.

Trial counsel recalled a discussion at trial regarding laying a foundation for the testimony of Officers Noe and Heitz, but he was sure that he would have objected if the State had asked for the officers to be recognized as experts. He did not recall making that objection. He similarly recalled arguing at trial that the convicted felon carrying a firearm charge not be presented to the jury, but he was overruled. Prior to trial, he had measured the distance from both Chilhowee Middle School and Freedom Christian Academy to the place of the Petitioner's arrest. He testified that Freedom Christian Academy was well within one thousand feet of the Petitioner's place of arrest, but he argued at trial that the Academy did not qualify under that statute.

Finally, regarding the video conversation between Sergeant Shaffer and the Petitioner, trial counsel recalled addressing the issue orally at trial and that he was overruled. He averred that he filed multiple pretrial motions to strike the count of a convicted felon carrying a firearm and to suppress the video conversation.

The Petitioner testified that trial counsel had filed pretrial motions on his behalf. The Petitioner averred that he and trial counsel agreed to pursue a theory of defense that the Petitioner was a drug user, not a drug dealer. He discussed his previous positive drug test with trial counsel, as evidence of his drug use, but trial counsel thought this information would lead to questions about the Petitioner's previous convictions. The Petitioner agreed that testifying about his positive drug screen may have harmed his case because of the underlying second-degree murder conviction and that he did not think he should testify at trial. The Petitioner recalled that the State mentioned his previous conviction for "a charge of use of violence" relating to the gun in front of the jury. He also recalled trial counsel's objecting to this particular wording, but the trial court ruled against trial counsel's objection.

The Petitioner testified that trial counsel should not have allowed Officers Heitz and Noe to testify as experts. On cross-examination, the Petitioner recalled both officers testifying about their qualifications and experience. He also recalled Sergeant Shaffer's testimony about his similar qualifications and experience, particularly his interactions with those who possessed drugs with the intent to resell. The Petitioner agreed that Sergeant Shaffer's testimony was "essentially the same" as Officers Noe and Heitz's testimony and that if the two officers had been qualified as experts, it could have been harmful for the jury to hear. Additionally, the Petitioner testified that trial counsel objected to the use of a video conversation between the Petitioner and Sergeant Shaffer, but the objection was overruled by the trial court.

The Petitioner testified that he became aware of a jury instruction about a lesser-included offense of the school zone statute right before the trial, but he recalled that trial counsel had failed to file a motion in writing. The Petitioner averred that trial counsel did not "inform the jury" that a lesser-included offense existed regarding the school zone statute. He recalled trial counsel's raising the issue with the trial court, but he was overruled because the motion had to be filed prior to trial. In contradiction to his own testimony, the Petitioner agreed on cross-examination that a lesser-included charge of simple possession was charged to the jury and that the Petitioner's entire theory of defense was centered around this simple-possession charge.

The Petitioner testified that he became aware that trial counsel had failed to file a motion challenging the Freedom Christian Academy under Tennessee Code Annotated section 39-17-432 after the trial. Prior to a few weeks before trial, the Petitioner believed that trial counsel had been prepared to argue about the offenses taking place near Chilhowee Middle School. The Petitioner averred that he was not put on notice that Freedom Christian Academy existed at the time of the offenses. He testified that he and trial counsel did not discuss the KGIS satellite imagery used to measure distance from the school. However, contradicting his testimony, the Petitioner agreed that trial counsel argued for a jury instruction of intent to sell without the school zone provision, but he was overruled by the trial court.

The Petitioner testified that Melanie Stipes was the most qualified to give information regarding Freedom Christian Academy's services. He understood that KGIS information placed him approximately 400 feet from the school, well within the one thousand feet needed to satisfy the underlying school zone statute. The Petitioner testified that the use of "sentencing range" in his petition actually referenced a lesser-included offense regarding the school zone provision.

In its written order dated December 1, 2020, the post-conviction court concluded that trial counsel was not ineffective by failing to object to Officers Heitz and Noe's testimony. Both officers testified regarding their training and experience and indicated that they had personal knowledge concerning the habits of cocaine users and dealers. Neither officer was certified as an expert. Additionally, Sergeant Shaffer's expert opinion was essentially the same testimony.

Next, the post-conviction court concluded that trial counsel had verbally requested a lesser-included jury instruction on the felony drug offenses occurring outside of a Drug-Free Zone, arguing that Freedom Christian Academy was not in session during the time of the offenses and that provisions of Tennessee Code Annotated section 39-17-432 should not be applied. Although trial counsel failed to request the instruction in writing, the trial court still considered the request on the merits and declined to charge the requested instruction. Trial counsel requested and obtained a lesser-included instruction on simple possession, and, therefore, the Petitioner failed to show prejudice. Furthermore, the post-conviction court concluded that even if the jury instruction had been obtained, the Petitioner's undisputed arrest proximity to the school would have rendered the instruction moot.

Moreover, the post-conviction court concluded that trial counsel was not ineffective for failing to argue that Freedom Christian Academy did not meet the enhancement criteria of Tennessee Code Annotated section 39-17-432. The record reflects that trial counsel did challenge the applicability of the enhancement provision but was overruled by the trial court. Additionally, Melanie Stipes testified that Freedom Christian Academy was a private Christian school that served children aged infants through eighth grade. The Petitioner did not proffer any testimony to rebut this fact. Similarly, the court did not find ineffective assistance regarding the admission of the KGIS map and the related testimony. Trial counsel himself investigated the distance from the school and the place of the Petitioner's arrest and made a valid strategic decision.

Finally, the post-conviction court concluded that the Petitioner's argument of denial of due process when the trial court allowed the State to inform the jury of his previous convictions had been reviewed on direct appeal and was waived. Further, the post-conviction court concluded that the Petitioner's claim of denial of due process when the trial court allowed the introduction of a video conversation that included a discussion of his past actions was also waived because he did not raise this claim in his direct appeal.

## ANALYSIS

The Petitioner argues that trial counsel was ineffective for not pursuing a defense of simple possession, failing to object to police officer testimony, and cumulative error. The State responds that the Petitioner has failed to prove that trial counsel was ineffective.

-8-

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal Petitioners are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. When a court reviews a lawyer's performance, it "must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from the perspective of counsel at that time." Howell v. State, 185 S.W.3d 319, 326 (Tenn. 2006) (citing Strickland, 466 U.S. at 689). We will not deem counsel to have been ineffective merely because a different strategy or procedure might have produced a more favorable result. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991). We recognize, however, that "deference to tactical choices only applies if the choices are informed ones based upon adequate preparation." Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992) (citing Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982)).

As to the prejudice prong, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Vaughn v. State, 202 S.W.3d 106, 116 (Tenn. 2006) (citing Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "That is, the petitioner must establish that his counsel's deficient performance was of such a degree that it deprived him of a fair trial and called into question the reliability of the outcome." Pylant v. State, 263 S.W.3d 854, 869 (Tenn. 2008) (citing State v. Burns, 6 S.W.3d 453, 463 (Tenn. 1999)). "A reasonable probability of being found guilty of a lesser charge . . . satisfies the second prong of Strickland." Id.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger, 279 S.W.3d at 293-94. On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

We agree with the post-conviction court that counsel was not deficient in his trial strategy. Trial counsel testified that he and the Petitioner had a good relationship and both agreed that pursuing a defense of the Petitioner's being a drug user and not a drug seller was the most effective strategy. Trial counsel and the Petitioner agreed he would not testify at trial. Specifically, trial counsel testified that a simple possession jury instruction was charged to the jury before deliberations. The Petitioner testified to the same. The Petitioner is not entitled to relief on this basis.

At the post-conviction hearing, the Petitioner averred that trial counsel should not have allowed Officers Noe and Heitz to testify as experts; however, trial counsel testified that he would have remembered making an objection to the officers' testimony if the State had asked the trial court to allow the officers to be recognized as experts. This did not occur. Officers Noe and Heitz testified as lay persons and gave "essentially the same" testimony as Sergeant Shaffer. We agree with the post-conviction court that counsel was not deficient in his failure to object to this testimony by the officers as experts or lay persons regarding the events involving the Petitioner. Even if trial counsel had made an objection, and had been successful, the same facts would have been testified to by Sergeant Shaffer.

The cumulative error doctrine applies to circumstances in which there have been "multiple errors committed in trial proceedings, each of which in isolation constitutes mere harmless error, but when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial." State v. Hester, 324 S.W.3d 1, 76 (Tenn. 2010). In this case, the Petitioner has failed to show any deficient performance or prejudice and is not entitled to relief by cumulative error.

**CONCLUSION**

Based upon the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE